**FILED**

FEB 2 5 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

IN RE: RAYMOND THOMAS, Petitioner

**v.**

*ISAAC FULWOOD, JR.*

Case: 1:15-cv-00279
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 2/25/2015
Description: Pro Se Gen. Civil (F Deck)

ON PETITION FOR WRIT OF MANDAMUS TO THE UNITED STATES

DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

---

PETITION FOR WRIT OF MANDAMUS

---

RECEIVED
Mail Room

FEB - 5 2015

Angela D. Caesar, Clerk of Court
District Court, District of Columbia

Comes now, Raymond Thomas, and moves pursuant to Rule
21(a), Federal Rules of Appellate Procedure, and 28 U.S.C. §
1331, by respectively requesting that this Honorable Court
issue a writ of mandamus directing the United States Parole
Commission to comply with there rules immediately act upon the
Petitioner's pending motion to compel compliance with the
Statue 18 U.S.C.A. § 4214 (c) by failing to conduct a timely
parole preliminary interview.  And violating Petitioner's
Sixth and Fourteenth Amendment of the Constitution.

For good cause in this Court granting such
extraordinary relief, The Petitioner would aver as follows:

I. JURISDICTION OF THE COURT

This Court has jurisdiction to issue a Writ of Mandamus to the U.S. Parole Commission: under Rule 22 (a), FRAP, and § 1651. See Blade v. U.S., 266 Fed. Appx 499 (8th Cir, 2008)(issuing Writ of Mandamus directing district Court to act on.

## BACKGROUND OF CASE

―――――――――――――

Petitioner states that he never had the opportunity of a hearing by the Parole Commission or written notice of a hearing. Date of violation October 2, 2003. Date of detainer issued December 1, 2003. Parole termination date December 9, 2012. Released from Federal Prison December 9, 1999. Warrant application issued December 1, 2003. The violation report dated November 19, 2003 from Senior U.S. Probation officer Cobb. Preliminary interview is required, see warrant application.

Petitioner argues that once the detainer was issued December 1, 2003 Parole Commission had within 180 days to review the detainer and give Petitioner prior notice of the viewing. But the viewing never happen. Citing the apparent lack of prejudice in denying any relief for the failure to hold a timely dispositional hearing. Pursuant to 18 U.S.C. §4210 (a) a parolee shall remain in the legal custody and under the control for the attorney general until the expiration of the maximum term or terms for which such parolee

is sentenced.

Petitioner's argument is he was violated on November 2003 and should of had a preliminary interview at that time. That is Parole Commissions procedures. Section 4210. Jurisdiction of commission (a) custody - a parolee shall remain in the legal custody and under the control of the Attorney General, until the expiration of the maximum term of terms for which such parolee was sentenced.

(b) Termination-Except as otherwise provided in this section, the jurisdiction of the commission over the parolee shall terminate no later than the date of the expiration of the maximum term or terms for which he was sentenced, except that -- 1 such jurisdiction shall terminate at an earlier date to the extent provided under section 4164 (relating to mandatory release) or section 4211 (relating to early termination of parole supervision). and (2) in the case of a parolee who has been convicted of any criminal offense committed subsequent to his release on parole and such offense is punishable by a term of imprisonment, detention or incarceration in any penal facility. The Commission shall determine in accordance with the provisions of section 4214(b) or (c), whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense, but in no case shall such service together with such time as the Parolee has previously served in connection with the offense for which he was sentenced in connection with such offense. (d) concurrence of running of term - The Parole of any parolee shall run concurrently with the period of parole

or probation under any other Federal, State or Local
sentence.

Petitioner argues that he should had been in the
custody of the Attorney General once he was violated by Senior
U.S. probation officer Joy Cobb and should have been able to
have a hearing taken back into Federal custody and made to
continue his expiration date of December 9, 2012. Petitioner
argues that he should had been able to do his full term
expiration date first than went to the state sentence.
Section 4210. Jurisdiction of Commission rules of Procedures.
 Petitioner argues that the judgment of commitment is not
valid because it expired December 9, 2012 and he is being held
illegal. Parole commission's failure to give Petitioner a
preliminary interview 11 years ago or notice of any hearing
caused prejudice toward Petitioner, after the failure to give
Petitioner a preliminary interview in December 1, 2003. To
come up with a supplement detainer to try to clean up the
mistake that was made 11 years ago is a act of prejudice
against Petitioner. Petitioner is not responsible for the
negligence of the Parole Commission.

As a result of the hearing conducted on April 8, 2014,
the following action was ordered. Revoke parole. None of the
time spent on Parole shall be credited. Continue to
expiration, Petitioner argues there is no expiration date to
continue. Petitioner alleges that he suffered prejudice from
this error. And wants the Parole Commission to comply with
there rules immediately act upon the Petitioner's pending
motion to compel compliance with the Statute 18 U.S.C. §
4214(c) by failing to conduct a timely parole revocation

hearing.  Petitioner should be released do to his expiration date of December 9, 2012.  This Court has extraordinary power to relief, Petitioner has served his full term of sentence his expiration date of December 9, 2012 has been terminated and he should be released and not made to suffer any more.

Thus the commission has the power to grant the relief that Petitioner asserts he lost because of the failure to review his detainer earlier.  Finally Petitioner seeks immediate release citing that his expiration date has expired on December 9, 2012.  Petitioner is being held unlawfully in the case of a parolee released pursuant to 18 U.S.C. § 4164. a parole violator warrant may be issued at any time within the parolee's maximum term of incarceration less 180 days.  28 C.F.R. § 2.44(c) (1977).  The warrant was issued well within the 9 year term of imprisonment which ran from December 1 2003 to December 9, 2012.

Furthermore, the execution of a parole violator warrant may be delayed while the parolee serves an intervening sentence without violating the parolee's due process rights.  Therefore Petitioner argues the 11 years delay between the lodging of the warrant as a detainer and the execution of the warrant did violate Petitioner's due process rights.  Petitioner was well over his expiration date of December 9, 2012.  To come up with a supplement detainer after Petitioner's expiration date violates Petitioner's rights to due process of law.  The controlling regulation requires the regional parole commissioner to review a warrant lodged as a detainer within 180 days of this date notice is received of the detainer.  Petitioner's Sixth and Fourteenth Amendment

rights have been violated by Parole Commission:

SECOND ARGUMENT: EX POST FACTO CLAUSE

Plaintiff contends that the retroactive application of the 2000 Parole Commission guidelines violated the Ex Post Facto Clause because in the Plaintiff's case it created a significant risk of a longer period of incarceration than under that 1976 Parole Commission regulations.  The regulation in question regards whether charges which the Plaintiff was never convicted of committing can be use to depart above the guidelines established as a point system.

The Ex Post Facto Clause of the United States Constitution prohibits retroactive increases in criminal punishment.  See U.S. Constr. Art. § 9, cl. 3; Collins v. Youngblood, 497 U.S. 37, 42-43 (1990).  A retroactively applied parole regulation, guideline, policy statement may violate the Ex Post Facto Clause if it creates "a significant risk" of a "longer period of incarceration than under the earlier rule."  Garner v. Jones, 529 U.S. 244, 255 (2000).  Thus, determining whether retroactive application of a new parole regime violates the Ex Post Facto Clause requires a 'searching comparison' of the two parole regimes.  Fletcher v. Reilly, 433 F.3d 867, 879 (D.C. Cir. 2006).

Sometimes a risk of a longer period of incarceration will be apparent from facial differences between the old and the new rule. But when a new rule does not by its own terms show a significant risk, the prisoner must demonstrate that the practical effect of the new rule will be a longer period

of incarceration than under the earlier rule.  Garner, 529
U.S. at 255.

It has been established and clarified that the
controlling inquiry is one of practical effect.  Fletcher 433
F.3d at 877.  Thus, the Court must assess the magnitude of the
risk in terms of the practical effect of the change in
regulations on the length of a prisoner's incarceration.  In
other words, the Plaintiff may not prevail simply by showing
facial differences between the old and the new policies but he
must also demonstrate that the practical effect of the new
policies was to substantially increase the risk that the
Plaintiff would serve a lengthier term of incarceration.
Sellmon, 551 F. Supp. 2d at 91.

Plaintiff asserts that the Parole Commission conducted
his initial reparole hearing pursuant to the 2000 guidelines
instead of the 1976 guidelines that were in placed when he
committed the crime and was convicted of his offense in 1982.
A person must be held to regulations that were in place at the
time of the committed offense.

Pursuant to the 1976 guidelines a decision outside of
the guidelines, either above or below, may be made when the
circumstances warrant.  Specifically, 18 U.S.C. § 4207 sets
forth the additional information to be considered when making
a determination to either depart above or below the
guidelines.  18 U.S.C. § states:

"In making a determination under this chapter [18
U.S.C. § 4201 et. seq.] ( relating to release on parole) the
Commission shall consider, if available and relevant: (1)
reports and recommendations which staff of the facility in

which prisoner is confined may make; (2) official reports of
the prison's prior criminal record, including a report or
record of earlier probation and parole experiences; (3)
presentence investigation reports; (4) a statement, which may
be presented orally or otherwise, by any victim or the offense
for which the prisoner is imprisoned about the financial,
social, psychological, and the emotional harm done to, or loss
suffered by such victim; and [(6)] (5) reports of physical,
mental, or psychiatric examination of the offender.  There
shall also be taken into consideration such additional
relevant information concerning the prisoner ( including
information submitted by the prisoner ) as may be reasonably
available."

At the Plaintiff's reparole hearing, th Parole
Commission decided to depart above the guidelines, which is
allowed under the 2000 guideline, due to criminal charges the
Plaintiff was never convicted of committing.  The charge used
to implement said departure are as follows:  1) Robbery
(1971), 2) Robbery and Possession of a Weapon (1976), 3)
Robbery while Armed, Unauthorized Use of a Vehicle, Larceny
and Assault (1977), 4) Aggravated Assault on a Correctional
Officer (1977).  The Plaintiff reasons that pursuant to the
2000 guidelines, the Parole Commission could rely on the
above-mentioned charges, even though there were no
convictions. This stems from the fact that the Honorable Judge
Anne E. Thompson of the United States District Court for the
District of New Jersey wrote the Parole Commission a letter
stating that the above-mentioned  charges should not be used
to adversely against the Plaintiff during the parole hearing.

The Parole Commission replied to this letter stating that it was its own agency and are following established regulations (2000). Ergo, the Parole Commission, exercising discretion that was available in the 2000 guidelines but not available in the 1976 guidelines, relied solely upon these charges to deny the Plaintiff's parole.

Under the 1972 guidelines, there was no regulation that permitted the Parole Commission to use charges, to depart above the guidelines, that the Plaintiff was never convicted of committing. Good cause must be demonstrated in order to deviate from the guideline requirements which must also be explained to the Plaintiff in particularity. See 18 U.S.C. § 4206(c). "Good cause" is defined in the legislative history as "substantial reason" including only those grounds put forward by the parole commission in good faith and which are not arbitrary, irrational, unreasonable, irrelevant, or capricious. Warren, 659 F.2d 183. (1981)

Criminal History can rationally be understood as the history of criminal convictions and adjudication. The charges used by the Parole Commission, pursuant to the 2000 guidelines , to determine the denial of defendant's reparole could not be used in determining reparole pursuant to the 1976 guidelines. Under the 1976 guidelines, such charges would have been at the least "irrelevant".

The Parole Commission, under the 2000 regime, only departs for "unusual circumstances". The unusual circumstances in this case are charges the Plaintiff was not convicted, which is unusual indeed. Using the practical effect of the Parole Commission's, 2000 regime, Therefore, a

magnitude of risk exists, in terms of practical effect of the
change of the regulations on the length of a prisoner's
incarceration."

   For the above mentioned reasons, the defendant asserts
that the Ex Post Factor Clause was violated in his case
because by the Parole Commission using the 2000 guidelines
instead of the 1976 guidelines, such usage creates a
significant risk of a longer period of incarceration.

   Plaintiff contends that the retroactive application of
the 2000 parole commission guidelines violated the Ex Post
Facto Clause because in the Plaintiff's case it created a
significant risk of a longer period of incarceration than
under that of 1976 Parole Commission regulations.  The
regulation in question regards whether charges which the
Plaintiff was never convicted of committing can be used to
depart above the guidelines established as a point system.

   The Ex Post Facto Clause of the United States
Constitution prohibits retroactive increases in criminal
punishment.  See U.S. const. art. § 9,1, 3; Collins v.
Youngblood, 497 U.S. 37, 42-43 (1990).  A retroactively
applied parole regulation, guideline policy statement may
violate the Ex Post Facto Clause if it creates "a significant
risk"
of a longer period of incarceration than under the earlier
rule.

   Garner v. Jones, 529 U.S. 244, 255 (2000).  Thus,
determining whether retroactive application of a new parole
regime violates the ex post facto clause requires a searching
comparison.

RECOMMENDATION OF CASE ANALYST

Angela Cochran, October 29, 2013

On probable cause:

a probable cause finding recommended for the following
charges:


charge no. 1-law violation. (a)Robbery with a firearm-
conviction, (b)aggravated battery-conviction; (d) resisting
officer without violence conviction.


other charges to be considered at the revocation hearing:
charge no. 1-Law violation.  (c) assault with intent to do
violence.  This recommendations based on:  new conviction.


Notes:  The releasee was originally convicted of Assault with
a Dangerous Weapon during the commission of a Bank Robbery.
He paroled 12-9-1999 and began violation behavior 10-2-2003.
The releases remained in continuous custody from his arrest on
10-2-2003.  I recommend probable cause based on his
conviction.  The release should receive guideline credit for
time spent in custody prior to the execution of the warrant,
10-2-2003 to 9-27-2013.


        Petitioner seek relief on his Motion of Writ of
Mandamus to compel compliance with the Statute 18 U.S.C. §
4214 (c) by failing to conduct a timely parole preliminary
interview as required by law.  Petitioner states in the case
of a parolee's released pursuant to 18 U.S.C. § 4164, a parole

violator warrant may be issued any time within the parolee's m aximum term of incarcerated less 180 days.   28 C.F.R. § 2.44(c) 1977.   Therefore Petitioner's expiration date of December 9, 2012 is over and Petitioner is being held unlawfully.

For good cause in this Court granting such extraordinary relief, Petitioner would aver as follows:

### I. JURISDICTION OF THE COURT

The Court has jurisdiction to issue a writ of mandamus to the Parole Commission under Rule 22 (D). FRAP and §1615. See Blade v. U.S., 266 Fed. Appx. 499 (8th Cir. 2008) (issuing writ of mandamus directing  district  court  to act on.   Please see exhibit (A) and (B) warrant application.   And the Court of Appeals directing Petitioner to file 28 U.S.C. § 1331.   Writ of Mandamus to District Court


### DECLARATION UNDER PENALTY OF PERJURY


I declare under penalty of perjury that I am the Petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.   I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 1/15/2015                 Signature of Petitioner

SEE EXHIBITS ONE THROUGH FOUR

A.      Judgment of commitment order

B.      Warrant Application

C.      Sentence monitoring computation data as of 06-30-2014

D.      Notice of action November 6, 2014

E.      The Circuit Court judges directing Petitioner to file
        to District Court first

Respectfully Submitted

DATE 1/15/2015

By Pro-se Plaintiff Raymond Thomas

Exhibit A

United States of America vs.

# United States District Court for

**DEFENDANT**  RAYMOND ... AS    DIS... OF NEW JERSEY

DOCKET NO ⟶ **CR. 82-00390**

# JUDGMENT AND PROBATION/COMMITMENT ORDER AO 245 (9/82)

| | | |
|---|---|---|
| **COUNSEL** | In the presence of the attorney for the government the defendant appeared in person on this date ⟶ | **MONTH** May  **DAY** 25  **YEAR** 1983 |

☐ WITHOUT COUNSEL    However the court advised defendant of right to counsel and asked whether defendant desired to have counsel appointed by the court and the defendant thereupon waived assistance of counsel

XX WITH COUNSEL    **Thomas Higgins, AFPD**
(Name of Counsel)

**PLEA**  XX GUILTY, and the court being satisfied that    ☐ NOLO CONTENDERE,    ☐ NOT GUILTY
there is a factual basis for the plea,  **Cts. 14 & 21.**

**FINDING & JUDGMENT**

There being a finding/verdict of  { ☐ NOT GUILTY. Defendant is discharged
{ ☐ GUILTY.

Defendant has been convicted as charged of the offense(s) of  On Cts.14,& 21 Assault with a dangerous weapon during commission of a bank robbery. (18:2113(d) & 2)

**SENTENCE OR PROBATION ORDER**

The court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered that: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of  **17 years on ct. 14, 17 years on ct. 21 to run consecutivly with Ct. 14.**

**SPECIAL CONDITIONS OF PROBATION**

Ordered governments application to dismiss Counts 1 thru 13 and Counts 15 thru 20 is hereby granted

**ORIGINAL FILED**
MAY 26 1983
ALLYN Z. LITE, CLERK

**ADDITIONAL CONDITIONS OF PROBATION**

In addition to the special conditions of probation imposed above, it is hereby ordered that the general conditions of probation set out on the reverse side of this judgment be imposed. The Court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within a maximum probation period of five years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

**COMMITMENT RECOMMEN-DATION**

The court orders commitment to the custody of the Attorney General and recommends,

It is ordered that the Clerk deliver a certified copy of this judgment and commitment to the U S Marshal or other qualified officer

CERTIFIED AS A TRUE COPY ON

THIS DATE _____

By — — — — — — — —

**SIGNED BY**
☐ U.S. District Judge
☐ U S. Magistrate

HON. ANNE E. THOMPSON   Date

( ) CLERK
( ) DEPUTY

United States Distric ‾

DIS ‾ OF NEW JERSEY

RAYMOND ‾ vs.

| GENERAL CONDITIONS OF PROBATION | Where probation has been ordered the defendant shall, during the period of probation, conduct himself as a law-abiding, industrious citizen and observe all conditions of probation prescribed by the court. TO THE DEFENDANT. – You shall: |
|---|---|

Where probation has been ordered the defendant shall, during the period of probation, conduct himself as a law-abiding, industrious citizen and observe all conditions of probation prescribed by the court. TO THE DEFENDANT. – You shall:

(1)  refrain from violation of any law (federal, state, and local) and get in touch immediately with your probation officer if arrested or questioned by a law-enforcement officer;

(2)  associate only with law-abiding persons and maintain reasonable hours;

(3)  work regularly at a lawful occupation and support your legal dependents, if any, to the best of your ability. (When out of work notify your probation officer at once, and consult him prior to job changes);

(4)  not leave the judicial district without permission of the probation officer;

(5)  notify your probation officer immediately of any change in your place of residence;

(6)  follow the probation officer's instructions and report as directed.

The Court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within the maximum probation period of 5 years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

Maximum probation period (per indictment or information) which may be imposed on defendant eligible for sentencing under the Youth Corrections Act, 18 U.S.C. § 5005 et seq., is one year for conviction of a misdemeanor or six months for conviction of a petty offense.

—————————— **RETURN** ——————————

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on  1‾ 17-84  to  FCI

at  One Hawke _____, the institution designated by the Attorney General, with a certified copy of the within Judgment and Commitment.

ORIGINAL FILED

MAY 20 1983

ALLYN Z. LITE CLERK

_____ Ct B??

**United States Marshal.**

By _____

**Deputy Marshal.**

U.S. DEPARTMENT OF JUSTICE                           WARRANT APPLICATION
UNITED STATES PAROLE COMMISSION

---

Name ...................................... Thomas, Raymond

| | |
|---|---|
| Reg. No .................................. 05447-050 | Date ........................................... December 1, 2003 |
| FBI No ..................................... 947513 JJ | Parole Termination Date ......... December 9, 2012 |
| Birth Date .............................. 5-14-1953 | Violation Date ......................... October 2, 2003 |
| Race ...................................... Black | Released ................................. December 9, 1999 |

Sentence Length ..................... 34 Years
Original Offense ..................... Assault with a Dangerous Weapon During the Commission of a Bank Robbery

You shall, unless you have been convicted of a new offense, be given a preliminary interview by an official designated by a Parole Commissioner to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing.

At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of those who have given information upon which the charges are based. Such witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or other representative of your choice, or, if you are unable to pay for counsel, an attorney will be provided by the U.S. District Court if you will out and promptly return a Form CJA-22 to a U.S. Probation Officer.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole or mandatory release, in which case the Commission will also decide when to consider you for further release.

If you have been convicted of a new offense (committed while on parole), which is punishable by a term of imprisonment, you will not receive sentence credit for the time you spent on parole. **Exception: For cases heard in the 9th Circuit beginning on October 22, 1990, the Commission will exercise discretion, in accordance with 28 C.F.R. 2.52 (Appendix), prior to ordering the forfeiture of sentence credit for the time spent on parole.**

If the Commission finds that you absconded or otherwise refused to submit to parole supervision, the Commission may order that you not receive credit toward service of your sentence for that amount of time.

In addition, if you are a special parole term violator, you will not receive credit toward service of your sentence for the time you spent on parole.

## CHARGES:

**Charge No. 1 - Law Violation – (a) Robbery with a Firearm (b) Aggravated Battery/Person Uses A Deadly Weapon (c) Assault with Intent to Do Violence (d) Resisting Arrest.** On October 2, 2002, the subject was observed running from Publix located at 741 Orlando Ave. S., Winter Park, Florida after an armed robbery took place during which one of the two victims received injuries to his head. The subject was identified as one of two individuals with a gun. It was determined that the only thing taken from the store was the tape from the instore security system which was later recovered in the car the subject was a passenger in. The subject fled the scene in a white vehicle and was later apprehended after running several red lights, making numerous evasive maneuvers to avoid apprehension. The subject was arrested by the Winter Park Police Department for the above-cited offenses on October 2, 2003. This information is

---

Thomas, Raymond
Reg. No. 05447-050


Exhibit _____

contained in the police report dated October 2, 2003. This charge is based on the information contained in the violation report dated November 19, 2003 from Senior U.S. Probation Officer Cobb.  Status of Custody/Criminal Proceedings:  In Custody Pending Court Action

(a)**I ADMIT [   ] or DENY [    ] this charge.**

(b)**I ADMIT [   ] or DENY [    ] this charge.**

(c)**I ADMIT [   ] or DENY [    ] this charge.**

(d)**I ADMIT [   ] or DENY [    ] this charge.**

**Preliminary Interview Is  Required**

**Warrant Recommended By:**

Warrant Issued.................. **December 1, 2003**

**Sandra G. Hylton, Hearing Examiner**
**U.S. Parole Commission**

Probation Office Requesting Warrant: **Northern District of Georgia, 1 - Main (Atlanta)**

**Thomas,  Raymond**
**Reg. No. 05447-050**

# WARRANT

RECEIVED
OCT 21 2013
U.S. Parole Commission

**U.S. Department of Justice**
**United States Parole Commission**

## To Any Federal Officer Authorized to Serve Criminal Process Within the United States:

WHEREAS, Thomas, Raymond, Reg. No. 05447-050, was sentenced by the United States District Court to serve a sentence of 34 Years for the crime of Assault with a Dangerous Weapon During Commission of a Bank Robbery and was on December 9, 1999 released on parole from Jesup FCI with 4749 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of Section 4213, Title 18, U.S.C., to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on December 1, 2003

_____
U.S. Parole Commissioner

---

Thomas, Raymond
Reg. No. 05447-050

**WARRANT For Return Of Prisoner Released To Supervision Or To Special Parole Term**

Name:  **Thomas, Raymond**                                    Institution:
Reg. No. 05447-050

## UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE:  Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission.  (See instructions on accompanying memorandum.)

_____ District of _____ ss:

Received this writ the _____ day of _____, 20_____, and executed same by arresting the

within-named _____

this _____ day of _____, 20_____,

at _____ and committing him to _____

_____
*U.S. Marshal*

_____
*Deputy Marshal*

Further executed same by committing him to _____

at _____ on _____, 20_____, the institution

designated by the Attorney General, with the copy of the warrant and warrant application.

_____
*U.S. Marshal*

_____
*Deputy Marshal*

NOTE:  The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

## ACKNOWLEDGEMENT OF SERVICE:

I have received a copy of the warrant application dated _____

_____
*Prisoner's Signature*                                    *Date*

*(If he refuses to sign, Marshal should so indicate.)*

Thomas, Raymond
Reg. No. 05447-050

Memorandum

| Subject | Date |
|---|---|
| **WARRANT APPLICATION & WARRANT**<br>**Thomas, Raymond**<br>**Reg. No. 05447-050** | **December 1, 2003** |

| To | From |
|---|---|
| U.S. Marshal<br>Northern District of Georgia<br>1669 Federal Building<br>75 Spring Street, NW<br>Atlanta, GA  30303 | Sandra G. Hylton<br>Hearing Examiner<br>U.S. Parole Commission |

Enclosed are the Warrant Application and Warrant issued by the United States Parole Commission for the above-named parolee.  Please notify the Parole Commission promptly of all developments concerning the disposition of this warrant.

**Please assume custody as soon as possible or when located.**

**If the parolee is already in the custody of federal or state authorities, do not execute this warrant. Place a detainer and notify the Commission.  Also, if a criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedence.**

**If the prisoner is sentenced to a new Federal or State term of imprisonment, place the warrant as a detainer and indicate the institution designated for service of sentence.**

After execution of the Warrant, (1) give one copy of Warrant Application to the prisoner; (2) provide one copy of the Warrant Application to the Probation Officer as soon as practical after taking custody; and (3) advise the Parole Commission that the subject is in custody (noting the place of confinement and the date Warrant was executed).

When prisoner is returned to the designated institution, leave one Warrant and one Warrant Application with the Warden.  Make your return on the other Warrant to the Parole Commission.

**PROBATION OFFICER:**  Please keep the Commission advised of all further developments in this case.  If there has been a conviction of an offense committed while under supervision for which a term of imprisonment is authorized by law (even if no term of imprisonment is imposed in this case), do not conduct a preliminary interview unless the Parole Commission specifically orders that one be conducted.

Enclosure

cc:  Joy M. Cobb
     Senior U.S. Probation Officer
     Northern District of Georgia
     900 U.S. Courthouse
     75 Spring Street, S.W.
     Atlanta, GA  30303-3309

SGH

Thomas, Raymond
Reg. No. 05447-050

**Exhibit** ___

```
  EDCH2  540*23  *          SENTENCE MONITORING          *    06-30-2014
PAGE 001          *          COMPUTATION DATA             *    15:24:45
       '                    AS OF 06-30-2014
```

REGNO..: 05447-050 NAME: THOMAS, RAYMOND


```
FBI NO...........: 94751J7          DATE OF BIRTH: 05-14-1953  AGE:   61
ARS1.............: EDG/A-DES
UNIT.............: B1/2M             QUARTERS.....: B03-107L
DETAINERS........: NO        '       NOTIFICATIONS: NO
```

HOME DETENTION ELIGIBILITY DATE: 12-20-2021

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  06-20-2022 VIA MAND REL


---------------------CURRENT JUDGMENT/WARRANT NO: 020 -----------------------

```
COURT OF JURISDICTION...........: NEW JERSEY
DOCKET NUMBER...................: CR 82-00390
JUDGE...........................: THOMPSON
DATE SENTENCED/PROBATION IMPOSED: 05-25-1983
DATE WARRANT ISSUED.............: 12-01-2003
DATE WARRANT EXECUTED...........: 09-27-2013
DATE COMMITTED..................: 04-18-2014
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

-----------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....:  554
OFF/CHG: ASSAULT WITH A DANGEROUS WEAPON DURING COMMISSION OF A BANK
         ROBBERY  T18:2113(D) & 2

```
 SENTENCE PROCEDURE.............: 4205(A) REG ADULT-ORIG TERM GRTR THAN 1YR
 SENTENCE IMPOSED/TIME TO SERVE.:   34 YEARS
 NEW SENTENCE IMPOSED...........:   4749 DAYS
 BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
 DATE OF OFFENSE................: N/A
```


G0002       MORE PAGES TO FOLLOW . . .


EXHIBIT - C

```
  EDGH2  540*23 *         SENTENCE MONITORING        *      06-30-2014
PAGE 002 OF 002 *          COMPUTATION DATA          *      15:24:45
                            AS OF 06-30-2014
```

REGNO..: 05447-050 NAME: THOMAS, RAYMOND


------------------------CURRENT COMPUTATION NO: 020 ------------------------

COMPUTATION 020 WAS LAST UPDATED ON 05-19-2014 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 05-19-2014 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010

```
DATE COMPUTATION BEGAN..........: 09-27-2013
TOTAL TERM IN EFFECT............:  4749 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    13 YEARS      1 DAYS

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 1560
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 06-20-2022
TWO THIRDS DATE.................: 05-26-2022
180 DAY DATE....................: 03-31-2026
EXPIRATION FULL TERM DATE.......: 09-27-2026
TIME SERVED.....................:     9 MONTHS      4 DAYS
PERCENTAGE OF FULL TERM SERVED..:   5.8

NEXT PAROLE HEARING DATE........: UNKNOWN
TYPE OF HEARING.................: UNKNOWN

PROJECTED SATISFACTION DATE.....: 06-20-2022
PROJECTED SATISFACTION METHOD...: MAND REL
```

```
G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

EXHIBIT 9

U.S. Department of Justice
United States Parole Commission
90 K Street, N.E., 3rd Floor
Washington, D.C. 20530

Amended **Notice of Action**

| | |
|---|---|
| Name: THOMAS, Raymond | Institution: Edgefield FCI |
| Register Number: 05447-050 | Date: November 6, 2014 |

### Amend Notice of Action Issued May 7, 2014 to Read:

## FEDERAL INSTITUTIONAL REVOCATION

As a result of the hearing conducted on April 8, 2014, the following action was ordered:

Revoke parole. None of the time spent on parole shall be credited. Continue to expiration.

The Parole Commission has decided to continue you to the expiration of your sentence. If the two-thirds date of your sentence (30 years in the case of a sentence of 45 years or more) precedes the mandatory release date calculated by the Bureau of Prisons, the Commission will conduct a record review of your case approximately 9 months prior to the two-thirds date. If a parole is not ordered as a result of the record review, the Commission will conduct a hearing for you. The purpose of the review or hearing is to determine whether there is a reasonable probability that you will commit any Federal, State, or local crime, or whether you have frequently or seriously violated the rules of the institution. See 28 C.F.R. § 2.53(a). If parole is denied, you will be continued until the expiration of your sentence less good time.

The Bureau of Prisons is requested to forward a copy of the prisoner's progress report approximately 9 months prior to the scheduled two-thirds date.

## FINDINGS OF FACT:

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

    Charge No. 1 - Law Violation. A) Robbery with a Firearm, B) Aggravated Battery/Person uses a
    Deadly Weapon; C) Assault with Intent to do Violence; and d. Resisting Arrest.

Basis for the above stated finding(s): Your admission to the Hearing Examiner and your conviction by the Circuit Court for Orange County, Florida in Case No.48-2003-CF-012416-O

## REASONS:

Your parole violation behavior has been rated as criminal conduct of Category Six severity because it involved: Aggravated Battery; Robbery with a Firearm; and Resisting Arrest. Your salient factor score is 4. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. As of April 8, 2014, you have been in confinement as a result of your violation behavior for a total of 126 month(s). Guidelines established by the Commission indicate a customary range of 64-78 months to be served before release. After review of all relevant factors and information, a decision above the guidelines is warranted because you a more serious risk than indicated by your SFS and severity rating due to your criminal history which includes: Robbery (1971), Robbery and Possession of a Weapon (1976), Robbery While Armed, Unauthorized

Use of a Vehicle, Larceny and Assault (1977), Aggravated Assault on a Correctional Officer (1977), and Assault with a Dangerous Weapon during the Commission of a Bank Robbery (Base Offense (1982)). Your violation behavior of Robbery with a Firearm, Aggravated Battery/Person uses a Deadly Weapon, Assault with Intent to do Violence, and Resisting Arrest demonstrates that you are likely to continue to commit violent crimes. Your disregard for public safety and lack of programming to reduce his risk to the community indicates a high probability that you are a risk to the community if released.

**You have also been scheduled for a statutory interim hearing during April 2016.**

THE ABOVE DECISION IS APPEALABLE.

You may obtain appeal forms from your caseworker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     Designation & Sentence Computation Center
        U.S. Armed Forces Reserve Complex
        Grand Prairie Office Complex
        346 Marine Forces Drive
        Grand Prairie, TX 75051

        U.S. Probation Office
        Northern District of Georgia
        900 U.S. Courthouse
        75 Spring Street, S.W.
        Atlanta, GA 30303-3309

        Susan Otto
        Federal Public Defenders Office
        Northern District of Georgia
        Federal Defender Program, Inc.
        Centennial Tower, Suite 1500
        101 Marietta Street, N.W.
        Atlanta, GA 30303

Fax Server          11/6/2014 11:09:38 PM   PAGE   3/003   Fax Server
O:BOPDSCC   COMPANY:

## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 2 | **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 1 | **D** - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | **E** - Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | **F** - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0. |
| 4 | **Salient Factor Score (SFS-98)** (sum of points for A-F above) |

| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 14-5213**                                            **September Term, 2014**

**Filed On:**  December 16, 2014

In re: Raymond Thomas,

       Petitioner

**BEFORE:**    Rogers, Kavanaugh, and Pillard, Circuit Judges

## O R D E R

Upon consideration of the petition for a writ of mandamus and the motion for leave to proceed in forma pauperis, it is

**ORDERED** that the motion for leave to proceed in forma pauperis be granted.  It is

**FURTHER ORDERED** that the petition for a writ of mandamus be denied. Petitioner has not shown that he may seek relief from the court of appeals in the first instance. See, e.g., 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.

**Per Curiam**

EXHIBIT E