UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAYMOND THOMAS, :
:
         Petitioner, :
:
v. : Civil Action No. 15-0279 (CKK)
:
ISAAC FULWOOD, :
:
         Respondent. :

## MEMORANDUM OPINION

Raymond Thomas ("Petitioner") has filed a petition for a writ of mandamus.[1] For the reasons discussed below, the Court will deny the petition.

### I. BACKGROUND

In the United States District Court for the District of New Jersey, in May 1983, petitioner was convicted of Bank Robbery and sentenced to two consecutive terms of imprisonment. *See* Pet., Ex. A (Judgment and Probation/Commitment Order) at 1. He was paroled on December 9, 1999, *id*. at 2, and was to remain under parole supervision until December 9, 2012, Fed. Resp't's Opp'n to Pet'r's Pro Se Pet. for a Writ of Mandamus ("Fed. Opp'n"), Ex. B (Certificate of Parole [Amended]) at 1. Among other conditions of release, petitioner was "not [to] violate any law[.]" Fed. Opp'n, Ex. B at 2 ¶ 8.

On December 1, 2003, the United States Parole Commission ("Commission") issued a warrant, *id*., Ex. C (Warrant), charging petitioner with the following violation:

---

[1] The Court will deny petitioner's "Motion for Summary Judgment in Opposition to the United States Attorney for Failure to . . . Respond to the Court['s] Order the Court Directed the Respondents to Show Why the Writ of Mandamus Should Not Issue" [ECF No. 10] and instead construe this submission as a reply to respondent's response to the Order Directing Respondent To Show Cause [ECF No. 6].

1

> **Charge No. 1 – Law Violation – (a) Robbery with a Firearm (b) Aggravated Battery/Person Uses A Deadly Weapon (c) Assault with Intent to Do Violence (d) Resisting Arrest.** On October 2, 200[3], [plaintiff] was observed running from Publix located at 741 Orlando Ave. S., Winter Park, Florida after an armed robbery took place during which one of the two victims received injuries to his head. [Plaintiff] was identified as one of two individuals with a gun . . . . [Plaintiff] fled the scene in a white vehicle and was later apprehended after running several red lights, making numerous evasive maneuvers to avoid apprehension. [He] was arrested by the Winter Park Police Department for the above-cited offenses on October 2, 2003. This information is contained in the police report dated October 2, 2003 . . . . Status of Custody/Criminal Proceedings: In Custody Pending Court Action.

*Id*., Ex. C (Warrant Application) at 1-2 (emphasis in original). A memorandum accompanied the warrant with the following instructions:

> Please assume custody as soon as possible or when [petitioner is] located.
>
> If the [petitioner] is already in the custody of federal or state authorities, do not execute the warrant. Place a detainer and notify the Commission. Also, if a criminal arrest warrant has been issued for this parolee, execute of such criminal warrant shall take precedence.
>
> If the [petitioner] is sentenced to a new Federal or State term of imprisonment, place the warrant as a detainer and indicate the institution designated for service of the sentence.

*Id*., Ex. C (Hylton Memorandum) (emphasis removed).

Petitioner "was convicted by the State of Florida for [robbery with a firearm, aggravated battery and resisting arrest]," and sentenced to a 10-year term of imprisonment. *Id*., Ex. D (Supplement to Warrant Application). Upon petitioner's release from Florida's custody, on September 27, 2013, the United States Marshal executed the Commission's warrant. *Id*., Ex. C (Warrant For Return Of Prisoner Released To Supervision Or To Special Parole Term).

The Commission notified petitioner that it "found probable cause to believe that [he had] violated the conditions of [his] parole[.]" *Id*., Ex. E (Letter to petitioner from Serenity A. Garnette, Administrative Assistant, U.S. Parole Commission, dated October 31, 2013) at 1. A revocation hearing took place on April 4, 2014, at which a Federal Public Defender represented

2

petitioner and during which petitioner admitted to the violation with an explanation. *See id.*, Ex. F (Revocation Hearing Summary) at 1-2. The hearing examiner recommended that the Commission revoke parole, primarily for "release planning purposes." *Id.*, Ex. F at 3. However, an executive reviewer recommended not only revocation of parole but also continuance to the expiration of petitioner's federal sentence. *Id.*, Ex. F at 3-4. He "believe[d] the [petitioner] is a more serious risk because of his criminal history which includes: Robbery (1971), Robbery and Possession of a Weapon (1976), Robbery While Armed, Unauthorized Use of a Vehicle, Larceny and Assault (1977), Aggravated Assault on a Correctional Officer (1977), and Assault with a Dangerous Weapon during the Commission of a Bank Robbery (Base Offense (1982)), and his current violation behavior of Robbery with a Firearm, Aggravated Battery/Person uses a Deadly Weapon, Assault with Intent to do Violence, and Resisting Arrest." *Id.*, Ex. F at 3.

The Commission found that petitioner violated conditions of release as stated in Charge No. 1 based on petitioner's "admission to the Hearing Examiner and [his] conviction by the Circuit Court for Orange County, Florida in Case No. 48-2003-CF-012416-O." Pet., Ex. D (Amended Notice of Action dated November 6, 2014) at 1. It revoked parole and continued the matter to expiration of petitioner's federal sentence:

> As of April 8, 2014, [petitioner had been] in confinement as a result of [his] violation for . . . 126 month(s). Guidelines established by the Commission indicate a customary range of 64-78 months to be served before release. After review of all relevant factors and information, a decision above the guidelines is warranted because [petitioner is] a more serious risk than [otherwise] indicated . . . due to [his] criminal history which includes: Robbery (1971), Robbery and Possession of a Weapon (1976), Robbery While Armed, Unauthorized Use of a Vehicle, Larceny and Assault (1977), Aggravated Assault on a Correctional Officer (1977), and Assault with a Dangerous Weapon during the Commission of a Bank Robbery (Base Offense (1982)). [The] violation behavior of Robbery with a Firearm, Aggravated Battery/Person uses a Deadly Weapon, Assault with Intent to do Violence and Resisting Arrest demonstrates [he is] likely to continue to commit violent crimes. [His] disregard for public safety and lack of programming to reduce

his risk to the community indicate[] a high probability that [he is] a risk to the community if released.

*Id*., Ex. D at 1-2.  The National Appeals Board affirmed the Commission's decision.  Fed. Opp'n, Ex. H (Notice of Action on Appeal dated August 1, 2014).

An interim review hearing is set for April 2016.  Pet., Ex. D at 2.  Petitioner's release date is June 20, 2022.  *See id*., Ex. C (Sentencing Monitoring Computation Data as of 06-30-2014) at 2.

## II.  DISCUSSION

Petitioner requests a writ of mandamus directing the "Commission to comply with [its] rules," specifically the requirement under 18 U.S.C. § 4214(c) that the Commission conduct a timely preliminary interview.  Pet. at 1; *see id*. at 4-5 (page numbers designated by CM/ECF).  According to petitioner, the Commission should have held a preliminary interview no more than 180 days after it issued the parole violation warrant on December 1, 2003, *see id*. at 2, such that he would have remained in federal custody, served the federal sentence which expired on December 9, 2012, and avoided any "prejudice" resulting from the 11-year delay in initiating parole revocation proceedings, *see id*. at 4.  Lastly, petitioner faults the Commission not only for having applied "the 2000 guidelines instead of the 1976 guidelines that were in place[] when he committed [the underlying criminal offenses] in 1982," *id*. at 7, but also for having departed above the guidelines based on criminal charges dating back to the 1970s "even though there were no convictions," *id*. at 8.

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."  *Kerr v. United States*, 426 U.S. 394, 402 (1976) (citations omitted).  Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear

4

duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley, Inc. v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc) (footnote omitted).  It will "issue only to compel the performance of a clear nondiscretionary duty."  *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).  As the Court discusses below, petitioner neither demonstrates a clear right to relief nor shows that the Commission's purported duties are nondiscretionary.

Ordinarily, a parolee retaken on a violation warrant is "accorded the opportunity to have . . . a preliminary hearing . . . without unnecessary delay[] to determine if there is probable cause to believe that he has violated a condition of his parole[.]" 18 U.S.C. § 4214(a)(1)(A) (repealed).  However, if the parolee has been "convict[ed] for any criminal offense committed subsequent to release on parole," his conviction "shall constitute probable cause" for purposes of § 4214(a).  18 U.S.C. § 4214(b)(1) (repealed); *see* 28 C.F.R. § 2.48(f).  Here, the record reflects not only that petitioner had been convicted for offenses committed in Florida while on parole, but also that petitioner admitted the law violation at his revocation hearing.  Under these circumstances, the Commission need not have conducted a preliminary interview because petitioner's Florida convictions alone established probable cause.

Execution of the parole violation warrant on September 27, 2013, not its issuance on December 1, 2003, triggered the Commission's obligations.  *Moody v. Daggett*, 429 U.S. 78, 87 (1976).  All the time petitioner spent in custody between October 2, 2003 and September 27, 2013, was attributed to his arrest, conviction and sentence imposed by the Florida court.  None of that time was credited toward service of his federal sentences.  The Commission was not required to execute its warrant at any time before petitioner's release from Florida's custody.

Notwithstanding petitioner's parole release on December 9, 1999, he was to remain under supervision until December 9, 2012.  *See* 18 U.S.C. § 4210(a) ("A parolee shall remain in the legal custody and under the control of the Attorney General, until the expiration of the maximum term or terms for which such parolee was sentenced.").  When the Commission issued its warrant on December 1, 2003, it did so well within petitioner's maximum term.  *See* 28 C.F.R. § 2.44(c).  "The issuance of a warrant . . . operate[d] to bar the expiration of the parolee's sentence," and the Commission maintains "jurisdiction to retake the parolee either before or after the normal expiration date of the sentence and to reach a final decision as to revocation of parole[.]"  *Id*. § 2.44(d).  And the Commission properly had the warrant lodged as a detainer because petitioner at that time was in the custody of Florida authorities pending resolution of criminal charges.  18 U.S.C. § 4214(b)(1) (stating that a warrant "may be placed against him as a detainer" if he "has been convicted of [a criminal offense committed while on parole] and is serving a new sentence in an institution"); *see* 28 C.F.R. § 2.47(a).  Moreover, petitioner's federal sentence did not begin to run again until execution of the warrant, *see Moody v. Daggett*, 429 U.S. at 87, and it will not expire until 2022.

Petitioner is no more successful in demonstrating any right to relief on his Ex Post Facto Clause claim.  The Commission has the authority under its current guidelines to make an upward departure from the guideline range that ordinarily would apply, *see* 28 C.F.R. § 2.21(d) (June 30, 2010), and had the same authority under its 1976 guidelines to make "[a] decision outside [the] guidelines when circumstances warrant," 28 C.F.R. § 2.21(c) (July 1, 1976)).[2]

---

[2]  *See* Fed. Opp'n, Ex. J.

The Court notes that the Commission exercises great discretion with respect to the issuance and disposition of a parole violation warrant. It chooses whether to issue a warrant, *see* 18 U.S.C. § 4213(a), whether to issue the warrant while state criminal charges are pending, *see id*. § 4213(b), whether to reparole a parolee notwithstanding a finding of probable cause, *see id*. § 4214(a)(1)(A), whether to lodge a warrant as a detainer, *see id*. § 4214(b)(1), and whether a parole violation terms runs concurrently with or consecutively to a new sentence, *see id*. § 4210(b)(2). It also may exercise its discretion to make "[a] decision outside [the] guidelines (either above or below) . . . when circumstances warrant." 28 C.F.R. § 2.21(d). In short, even if petitioner had shown a clear right to mandamus relief, he cannot show that the Commission has a clear nondiscretionary duty to act.

### III.  CONCLUSION

Petitioner has not shown that he is entitled to mandamus relief and, accordingly, his petition will be denied. An Order is issued separately.

DATE: November 12, 2015                          /s/
                                                 COLLEEN KOLLAR KOTELLY
                                                 United States District Judge